IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PRIME TIME HEALTHCARE, LLC, | |
| Plaintiff, | **8:23CV428** |
| vs. | |
| BEDROCK HCS AT RIVERDALE, LLC, d/b/a RIVERDALE HEALTHCARE CENTER, and in all other capacities, | **ORDER ON STIPULATED MOTION TO REMAND** |
| Defendant. | |

This case is before the Court on the parties' Stipulated Motion to Remand, signed by counsel for the parties. Filing 82. The parties ask the Court to remand this case pursuant to 28 U.S.C. § 1447(c) to the District Court of Douglas County, Nebraska, at Case No. CI 23-6935 before the Honorable Horacio J. Wheelock, as the parties agree that complete diversity is lacking. Filing 82 at 1. The parties state,

> The parties' agreement derives from their findings in *Prime Time Healthcare, LLC v. Sunny Ridge Operations, LLC*, Case No. 8:24-485 (D. Neb. 2024), another case in which the same undersigned counsel respectively represent Plaintiff and a different defendant, as well as discovery conducted in this case regarding the ownership structure of Defendant. The parties' amended corporate disclosure statements reflect their findings. (*See* Docs. 80 & 81.)

Filing 82 at 1. The parties agree further that upon remand, discovery from this case can and will be used in the state law action and that discovery deadlines and motions practice deadlines from this Court's progression order and prior schedules will remain in place upon remand to state court. *See* Filing 78.

1

The parties' Stipulated Motion standing alone is insufficient basis for the Court to concede that it lacks subject-matter jurisdiction. The parties cannot simply agree as to whether subject-matter jurisdiction exists; the record in front of the Court must support any remand to state court.

This case was removed on the basis of diversity of citizenship jurisdiction. *See* Filing 1 at 1 (¶ 3). The removing defendant has the burden of establishing diversity jurisdiction. *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1159 (8th Cir. 1981). Both Plaintiff and Defendant in this case are limited liability companies (LLCs). Filing 80; Filing 81. However, "an LLC's citizenship is that of its members for diversity jurisdiction purposes." *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Plaintiff's Second Amended Disclosure of Corporate Affiliations, Financial Interest, and Business Citizenship states in pertinent part,

> Prime Time Healthcare LLC is a limited liability corporation and its members and their states of citizenship are as follows: Fortis Healthcare Solutions, LLC, a Delaware limited liability company.
>
> Ownership of Fortis Healthcare Solutions, LLC, is via several layers of limited liability companies and limited partnerships. At the pinnacle of these layers are multiple entities, one of which is another Delaware limited liability company, OEP VIII GP, L.L.C., that is understood to have four individual members. Two of these members, Richard Cashin and Gregory Belinfanti, are citizens of New York, and the other two members, Theodora Stojka and Jessica Marion, are citizens of Illinois.

Filing 81 at 2. Because this disclosure does not establish the citizenship of each of Prime Time Healthcare's members down through the layers of membership, Defendant has made no showing that the parties are diverse for jurisdictional purposes. *GMAC Com. Credit LLC*, 357 F.3d at 829. Consequently, remand for lack of diversity subject-matter jurisdiction is appropriate. 28 U.S.C. § 1447(c).

Accordingly,

IT IS ORDERED that the parties' Stipulated Motion to Remand, Filing 82, is granted, and this matter is remanded pursuant to 28 U.S.C. § 1447(c) to the District Court of Douglas County, Nebraska, at Case No. CI 23-6935 before the Honorable Horacio J. Wheelock.

Dated this 28th day of April, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge